# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KRYSTALL WILLIS, on behalf of herself) and all other employees or former )** **employees of U-HAUL similarly-situated, )** **)** **Plaintiffs,    )** **)** v.                                             ) **)** **U-HAUL CO. OF ALABAMA, INC.    )** **)** **Defendants.    )** | CASE NO.: _____ |

## COMPLAINT

COMES NOW, Krystal Willis, Plaintiff in the above-styled action, on behalf of herself and all other similarly-situated employees or former employees of U-HAUL Co. Of Alabama, Inc., files her Complaint against Defendant U-HAUL Co. Of Alabama, Inc., in support thereof, shows as follows:

### INTRODUCTION

1.      U-HAUL Co. Of Alabama, Inc. d/b/a U-HAUL. employs hourly employees within the Northern District of Alabama.  Plaintiff was required to work over forty hours every week.  However, when Plaintiff turned in time that was over forty hours she was told to adjust her time. When Plaintiff complained, she was demoted and fired on May 8, 2024, as a result of her complaint.

2.      Plaintiff routinely worked more than forty hours per week on behalf of

Defendant but was not paid her full compensation due to her in violation of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is instituted and authorized pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

4. This Court maintains subject matter jurisdiction under 28 U.S.C. § 1337 and 29 U.S.C. §2611 *et seq*.

5. Defendant conducts business in this district and division. Hence, this Court has personal jurisdiction over Defendant. Moreover, the unlawful employment practices alleged in this complaint occurred within this district and division. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Krystal Willis (hereinafter "Plaintiff"), is a female citizen of the United States, above the age of nineteen (19) years, and resident of this district and division. She is a current employee of Defendant.

7. Other, similarly-situated employees are or were employed by Defendant U-HAUL and are referred to herein as "similarly-situated employees" or "others similarly-situated."

8. U-HAUL Co. of Alabama, Inc. (hereinafter "U-HAUL" or

"Defendant") is an Alabama corporation and is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

9. U-HAUL employed Plaintiff and other similarly-situated employees within the meaning of the FLSA, is engaged in interstate commerce, and has an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

10. U-HAUL directly and by and through its duly-authorized agents, participated in, and continues to participate in, payroll decisions involving Plaintiff and others similarly-situated, and intentionally, knowingly, and willfully failed and continues to fail to compensate Plaintiff and others similarly-situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

## FACTS

11. Plaintiff Krystal Willis began working for U-HAUL in 2017 and has worked on and off until her termination on May 8, 2024. In 2021, she began working as Senior Agent.

12. During her employment from 2021, Plaintiff was an hourly employee earning $20.80 an hour and was making $21.50 an hour at the time of her termination.

13. When Plaintiff was promoted to Senior Agent, she regularly had to work on days when she was supposed to be "off work", such as take calls and handle matters. Plaintiff would record this time on her timecard when she turned in her time.

14. Plaintiff's manager, Michelle Jones, regularly told Plaintiff to adjust her hours down to forty (40) hours per week, when Plaintiff submitted a time that exceeded forty hours.

15. Plaintiff complained that she was having to work so many hours and was not being compensated correctly to her manager.

16. Following Plaintiff's complaints, in or around February 2024, she was demoted to a sales agent. Even though her rate of pay remained the same, her opportunities for advancement were diminished.

17. Further, following her complaints and subsequent demotion, retaliation continued and she and started getting warnings and writeups. In one instance, it was an issue with the Defendant's system, but Plaintiff was working and was written up for not being on the clock.

18. On or about May 8, 2024, Plaintiff was terminated for a false reason in retaliation for her complaints about pay.

19. Plaintiff estimates in 2022, she worked an additional 528 hours without pay, in 2023, she estimates she worked 600 hours without pay and in 2024, she

estimates she worked 87 hours without pay.

20. Plaintiff, and other similarly-situated employees working as Senior Agents, performed and/or perform duties for Defendants and were and are subject to the provisions of the FLSA regarding the payment of overtime compensation and minimum wages.

21. During the period from in or around 2022 to February 2024, Defendant, on numerous occasions, employed Plaintiff and others similarly-situated employees for hours worked in excess of forty (40) hours in a workweek and failed and refused to compensate them for such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

22. Defendant was required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiff and others similarly-situated employees.

23. Defendant is aware of the provisions of the FLSA requiring wages to be paid to Plaintiff and others similarly-situated, but deliberately, or in reckless disregard of the Act, willfully failed to pay wages due and lawfully owed to the Plaintiff and others similarly-situated.

24. Defendant by and through its duly-authorized agents, failed to act in good faith and had no reasonable grounds for believing that they were not violating the FLSA.

## CAUSE OF ACTION

## Count I
## Violation of the Fair Labor Standards Act (FLSA)

25. Plaintiff realleges and incorporates by reference, paragraphs 1 through 24, as if fully stated herein.

26. By the actions and omissions described herein, Defendant violated FLSA and specifically 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff and as to others similarly situated.

## Count II
## Retaliation

27. Plaintiff realleges and incorporates by reference, paragraphs 1 through 24, as if fully stated herein.

28. Defendant retaliated against Plaintiff for opposing employment practices that Plaintiff believes to be unlawful.

29. Defendant subjected Plaintiff to unequal treatment regarding the terms, conditions, and privileges of her employment for complaining of employment practices that Plaintiff believes to be unlawful. The retaliation was carried out willfully and with malicious and reckless disregard for the rights of Plaintiff.

30. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered extreme mental and emotional distress, pain and suffering, and lost wages.

WHEREFORE, Plaintiff requests that judgment be entered herein against Defendant in the amount due to her as unpaid wages, liquidated damages, interest, and costs under the provisions of the Fair Labor Standards Act, that this Court will also allow reasonable attorneys' fees to be paid to Plaintiff, that Defendant be held liable for payment of the same, and that this Court award such other and further relief, including equitable, to which Plaintiff is entitled.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 24th day of June 2024.

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Holmes, Ave. NE Suite 100
Huntsville, Alabama 35801
Phone:  (256) 532-2222
Fax:    (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

**DEFENDANTS TO BE SERVED:**

U-HAUL Co. of Alabama, Inc.
C/O C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104